# EXHIBIT B

**CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT**

This Confidentiality and Non-Disclosure Agreement (the "Agreement") is made by and among Kevin Baum and/or One Shot Ventures LLC/One Shot Golf and their affiliates, ("OSG"), and Wesley Bryan and/or Bryan Bros Golf, ("Bryan Bros"), (Individually a "Party" and collectively, "Parties"), and any related or successor entities of either Party, as of the last date written below (the "Effective Date").

The Parties anticipate the need to discuss non-public, confidential or proprietary information, configurations and services regarding a possible arrangement (the "**Arrangement**") between Parties. In consideration of the mutual promises contained herein, the Parties agree as follows:

**A. Confidential Information.** Except as provided below, "**Confidential Information**" means all non-public, confidential, or proprietary information disclosed before, on or after the Effective Date, by either Party (a "**Disclosing Party**") to the other Party (a "**Receiving Party**") or its affiliates, or to any of such Receiving Party or its affiliates' employees, officers, directors, partners, shareholders, agents, attorneys, accountants, or advisors (collectively, "**Representatives**"), whether disclosed orally or disclosed or accessed in written, electronic, or other form or media, and whether or not marked, designated, or otherwise identified as "confidential," including, without limitation:

(a) all information concerning the Disclosing Party's and its affiliates', and their customers', suppliers', and other third parties' past, present, and future business affairs including, without limitation, finances, customer information, supplier information, products, services, organizational structure and internal practices, forecasts, sales and other financial results, records and budgets, and business, marketing, development, sales and other commercial strategies, methods or techniques;

(b) the Disclosing Party's unpatented inventions, ideas, methods and discoveries, trade secrets, know-how, unpublished patent applications, and other confidential intellectual property;

(c) all designs, specifications, documentation, components, code, images, icons, audiovisual components and objects, schematics, drawings, protocols, processes, and other visual depictions, in whole or in part, of any of the foregoing;

(d) any third-party confidential information included with, or incorporated in, any information provided by the Disclosing Party to the Receiving Party or its Representatives; and

(e) all notes, analyses, compilations, reports, forecasts, studies, samples, data, statistics, summaries, interpretations, and other materials (the "**Notes**") prepared by or for the Receiving Party or its Representatives that contain, are based on, or otherwise reflect or are derived from, in whole or in part, any of the foregoing.

Notwithstanding anything to the contrary in this Agreement, the Receiving Party or any of its Representatives confidentiality obligations above shall not apply to any Confidential Information that: (i) becomes generally known or available to the public or is disclosed without restriction in published materials, (ii) is known to the Receiving Party or its Representatives at the time of disclosure by the Disclosing Party, (iii) the Receiving Party or its Representatives obtains from a third party or a source other than the Disclosing Party which is not known to the Receiving Party or its Representatives to be subject to confidentiality or (iv) the Receiving Party or its Representatives are legally required to disclose. Before making any disclosure under (iv) of the previous sentence, and to the extent permitted by law, the Receiving Party shall provide the Disclosing Party with: (1) prompt written notice of such requirement so that the Disclosing Party may seek, at its sole cost and expense, a protective order or other remedy; and (2) reasonable assistance, at the Disclosing Party's sole cost and expense, in opposing such disclosure or seeking a protective order or other limitations on disclosure.

**B. Recipient Obligations.** The Receiving Party shall:

(a) protect and safeguard the confidentiality of all such Confidential Information with at least the same degree of care as the Recipient would protect its own Confidential Information, but in no event with less than a commercially reasonable degree of care;

(b) not use the Disclosing Party's Confidential Information, or permit it to be accessed or used, for any purpose other than the Arrangement or any related transactions between the Parties, or otherwise in any manner to the Disclosing Party's detriment, including without limitation, to reverse engineer, disassemble, decompile, or design around the Disclosing Party's proprietary services, products, and/or confidential intellectual property;

(c) not disclose any such Confidential Information to any person or entity, except to the Recipient's Representatives who:

(i) need to know the Confidential Information to assist the Recipient, or act on its behalf, in relation to the Arrangement or to exercise its rights under the Agreement;

(ii) are informed by the Recipient of the confidential nature of the Confidential Information; and

(iii) are subject to confidentiality duties or obligations to the Recipient that are no less restrictive than the terms and conditions of this Agreement; and

(d) be responsible for any breach of this Agreement caused by any of its Representatives.

**C. Term and Termination.** The term of this Agreement shall commence on the Effective Date and shall expire seven years from the Effective Date, provided that either Party may terminate this Agreement at any time by providing written notice to the other Party. Notwithstanding anything to the contrary herein, each Party's rights and obligations under this Agreement shall survive any expiration or termination of this Agreement for a period of five years from the date of such expiration or termination, even after the return or destruction of Confidential Information by the Receiving Party.

**D. Remedies.** Each Party agrees that its obligations hereunder are necessary and reasonable in order to protect the other Party and the other Party's business, and expressly agrees that monetary damages may be inadequate to compensate the other Party for any breach or threatened breach by either Party of any covenants and agreements set forth herein. Accordingly, each Party agrees and acknowledges that any such breach or threatened breach may cause irreparable injury to the other Party and that, in addition to any other remedies that may be available, in law, in equity or otherwise, the other Party shall be entitled to obtain injunctive relief against the threatened breach of this Agreement or the continuation of any such breach, without the necessity of proving actual damages. No bond or other security will be required in connection with such injunctive relief. The prevailing Party in any judicial action or arbitration to enforce this Agreement will also be entitled to recover court costs and reasonable attorneys' fees after issuance of a final judgment in its favor.

**E. Waiver.** No term or provision hereof shall be deemed waived and no breach consented to, unless such waiver and consent shall be express and in writing and signed by the party claimed to have waived or consented. Any such waiver and consent shall not constitute a waiver and consent to any other or subsequent breach. Neither party may assign its rights or duties under this Agreement without the prior written consent of the other party.

**F. Governing Law.** This Agreement will be interpreted in accordance with the laws of the State of Colorado, without giving effect to the principles of conflicts of law. The parties agree that to the extent either Party institutes any legal action, suit or proceeding against the other, arising under or relating to this Agreement, it shall do so in the federal courts for the State of Colorado or the state courts located in the State of Colorado, and that

the Party against whom the action is instituted agrees to waive any objection to the laying of such suit, action or proceeding in such courts.

**G. No Representations or Warranties.** Neither the Disclosing Party nor any of its Representatives make any representation or warranty, expressed or implied, as to the accuracy or completeness of the Confidential Information disclosed to the Receiving Party hereunder. Neither the Disclosing Party nor any of its Representatives shall be liable to the Receiving Party or any of its Representatives relating to or resulting from the Receiving Party's use of any of the Confidential Information or any errors therein or omissions therefrom. Notwithstanding the foregoing, the Disclosing Party and its affiliates shall use reasonable effort to ensure the accuracy and completeness of the Confidential Information and to update or correct any Confidential Information should it become aware that such information is inaccurate.

**H. No Transfer of Rights, Title, or Interest.** Each Party hereby retains its entire right, title, and interest, including all intellectual property rights, in and to all of its Confidential Information. Any disclosure of such Confidential Information hereunder shall not be construed as an assignment, grant, option, license, or other transfer of any such right, title, or interest whatsoever to the Receiving Party or any of its Representatives.

**I. Return or Destruction of Confidential Information.** At any time during or after the term of this Agreement, at the Disclosing Party's written request, the Receiving Party and its Representatives shall promptly return to the Disclosing Party all copies, whether in written, electronic, or other form or media, of the Disclosing Party's Confidential Information, or destroy all such copies and certify in writing to the Disclosing Party that such Confidential Information has been destroyed. In addition, the Receiving Party shall also destroy all copies of any Notes created by the Receiving Party or its Representatives and certify in writing to the Disclosing Party that such copies have been destroyed.

**J. No Other Obligation.** The Parties agree that neither Party shall be under any legal obligation of any kind whatsoever, or otherwise be obligated to enter into any business or contractual relationship, investment, or transaction, by virtue of this Agreement, except for the matters specifically agreed to herein. Either Party may at any time, at its sole discretion with or without cause, terminate discussions and negotiations with the other Party, in connection with the Arrangement or otherwise.

**K. Waivers.** No waiver by any Party of any of the provisions hereof shall be effective unless explicitly set out in writing and signed by the Party so waiving. No waiver by any Party shall operate or be construed as a waiver in respect of any failure, breach, or default not expressly identified by such written waiver, whether of a similar or different character, and whether occurring before or after that waiver. No failure to exercise, or delay in exercising, any right, remedy, power, or privilege arising from this Agreement shall operate or be construed as a waiver thereof; nor shall any single or partial exercise of any right, remedy, power, or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power, or privilege.

**L. Miscellaneous.** This Agreement constitutes the entire understanding of the parties with respect to the subject matter of this Agreement. This Agreement may only be modified in a written document executed by both parties. This Agreement, including any modifications, waivers or notifications relating thereto, may be executed and delivered by facsimile, electronic mail, or other electronic means, which will be effective as original signatures. Each Party signing below represents and warrants that he or she has the necessary authority to bind the principal set forth below.

****signature page follows****

IN WITNESS WHEREOF, the parties hereto have executed this Agreement to be effective as of the Effective Date.

Kevin Baum / One Shot Ventures LLC / OSG

By: ______________________

Date: 03/06/24

Wesley Bryan / Bryan Bros Golf

By: ______________________

Date: 03/03/2[illegible]